# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-2000

_____

United States of America,           *
                                         *

          Appellee,            *
                                         *    Appeal from the United States
      v.                          *    District Court for the
                                         *    Eastern District of Arkansas.
Rodney Tyrone Robinson,      *
                                         *         [UNPUBLISHED]
          Appellant.          *

_____

Submitted:  February 7, 2000
Filed: February 15, 2000

_____

Before RICHARD S. ARNOLD, BOWMAN, and BEAM, Circuit Judges.

_____

PER CURIAM.

Rodney Robinson pleaded guilty to intimidating an informant, in violation of 18 U.S.C. § 1512(b)(3) (1994).  The District Court[1] sentenced him to forty-one months imprisonment and three years supervised release, and he appeals.

Robinson first argues that the District Court erred in calculating his base offense level under the obstruction-of-justice guideline, U.S. Sentencing Guidelines Manual

_____

[1]The Honorable GEORGE HOWARD, JR., United States District Judge for the Eastern District of Arkansas.

§ 2J1.2 (1998), rather than the aggravated assault guideline, U.S. Sentencing Guidelines Manual § 2A2.2. We disagree. In determining the most applicable guideline, the Court "elects the guideline solely by 'conduct charged in the count of the indictment or information of which the defendant was convicted.'" United States v. Street, 66 F.3d 969, 979 (8th Cir. 1995) (quoting U.S. Sentencing Guidelines Manual § 1B1.2(a)). Here, the information to which Robinson pleaded guilty charged that he "used intimidation and physical force to persuade another person with intent to hinder, delay, and prevent the communication to a law enforcement officer of information relating to the commission or possible commission of a federal offense, to wit, distribution of cocaine base by [Robinson] and others." App. at 8. The District Court correctly determined the most applicable guideline to be § 2J1.2.

The District Court applied the cross-reference found in § 2J1.2(c)(1), and applied U.S. Sentencing Guidelines Manual § 2X3.1 to determine Robinson's base offense level based on the underlying offense of distribution of 28.35 grams of cocaine base. Robinson argues that there was insufficient evidence of drug distribution, and that he merely robbed and shot at the informant. Having carefully reviewed the undisputed factual portions of the presentence report, as well as the evidence presented at sentencing, we conclude that the Court did not clearly err in determining that Robinson's meeting with the informant was an attempted drug distribution. See Street, 66 F.3d at 979-80 (standard of review).

Accordingly, we affirm the judgment of the District Court.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.